ARASTO FARSAD (SBN: 273118)
NANCY WENG (SBN: 251215)
MAIHUONG TA, ESQ. (SBN: 305740)
FARSAD LAW OFFICE, P.C.
2905 Stender Way, Suite 76
Santa Clara, CA 95054
Telephone: 408-641-9966
Fax: 408: 866-7334
nancy@farsadlaw.com

Attorney for Debtor(s)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re:

Masazumi Inoue,

          Debtor(s),

Case No. 18-31311 DM

Chapter 11

EX-PARTE APPLICATION OF DEBTOR FOR ORDER UNDER 28 U.S.C. § 327 AUTHORIZING AND APPROVING EMPLOYMENT OF FARSAD LAW OFFICE, P.C. AS GENERAL BANKRUPTCY COUNSEL

Now Comes Masazumi Inoue, the Debtor / Applicant herein, and hereby submits the instant Application to Employ the Farsad Law Office, P.C., hereinafter, the "Firm", as general bankruptcy counsel.[1] This Application is made and based upon Bankruptcy Code §§ 327, 328, 329 and 1107, and Bankruptcy Rule(s) 2014 and 2016(b),and the Guidelines of the Office of the United States Trustee ("UST Guidelines."), the accompanying Declaration(s), the papers and pleadings on file herein, and any argument of counsel presented at any hearing held with respect to this application.

---

[1] The Firm's primary office is located at 2905 Stender Way, Suite 76, Santa Clara, CA 95054. The members of the Firm are: Attorneys Arasto Farsad, Nancy Weng, and Maihuong Ta. Pursuant to Rule 2014(b), the entire firm (the corporation) is seeking Court approval for employment as all three of its attorneys will be working on the subject case together.

1

It is essential to the conduct of the Debtor's Chapter 11 case that the Debtor employ counsel. Accordingly, under 11 U.S.C. § 327(a), the Debtor applies for approval to employ the Firm at the expense of the estate to provide the legal services that will be required to continue to guide this Chapter 11 case. Among other things, Debtor needs counsel's assistance to provide advice and guidance as to all the requirements of a Chapter 11 Debtor, to propose and obtain confirmation of a plan of reorganization, to negotiate with the Debtor's creditors. Additionally, Debtor needs advice and guidance as to the proper performance of all other duties required under Chapter 11 of the Bankruptcy Code and Rules.

As discussed in more detail below, the Farsad Law Office, P.C. has the skill and resources which will enable them to provide the services necessary for this case. The Firm and all members thereof are duly admitted to practice in all state and federal courts in the State of California, and are all in good standing with the State Bar of California. Debtor has selected the Firm as his proposed counsel because of their knowledge and experience in bankruptcy law.

## I. JURISDICTION

This Court has jurisdiction over this Application under 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§1408 and 1409. The statutory basis for the relief requested herein is Section 327 of the Bankruptcy Code.

### General Background / The Proposed Plan of Reorganization

The primary reason for the filing of the instant case is Debtor's desire to retain his rental property by proposing a mortgage arrearage curing Chapter 11 Plan. The Debtor owns one piece of real property located at 67-69 Blake Street, CA 94118, hereinafter, the "Property". The market value based on a Broker's Price Opinion of the Property is $1,750,000. There is one mortgage against the Property currently serviced by Specialized Loan Servicing with a balance of approximately $1,264,835.00. The Debtor accordingly has around $500,000.00 in equity. The rent that Debtor receives can cover either an arrears repayment plan or a new crammed down

mortgage. Debtor's counsel has also started negotiations with Debtor's mortgage's counsel as well as Debtor's other creditors.

**The Debtor's Prior Bankruptcies (all filed more than four years ago)**

1. 2012 – Case number 12-32797: This case was filed in pro-per as the Debtor was attempting to reorganize his debts and save his home. The Debtor was unable to complete the case without counsel and the case was dismissed for failing to file certain schedules.

2. 2013 – Case number 13-30311: This case was filed in pro-per on the eve of foreclosure as the Debtor's primary loan servicer would not confirm that Debtor's complete loan modification application would result in a postponement of an active trustee sale / non-judicial foreclosure auction. The Debtor in good faith attempted to complete the balance of his schedules, but did not complete the requisite credit counseling class before the case was filed. The Debtor filed a motion to excuse him from taking the credit counseling class, which was subsequently denied by the court.

3. 2014- Case number 14-31534: Debtor, believing the third time would be the charm, hired an attorney he found on the internet, Patricia Rodriguez[2] to help him with his reorganization in order to save his home while trying to complete a loan modification with the lender during the bankruptcy. Unbeknownst to the Debtor, only a skeleton petition was filed and the case was automatically dismissed after his attorney missed the deadline to file the balance of the schedules. The Debtor's primary residence was sold at foreclosure and the Debtor only found out after the new buyer knocked on his door seeking to evict him from his home.

**The Debtor's Income**

The Debtor makes $6,750.00 in rent from the Property. He has four rooms that he rents in the top unit of the Property, as well as one large unit in the bottom. The rent "roll" is

---

[2] Patricia Rodriguez has a state bar complaint currently pending with fourteen counts of charging upfront fees for loan modifications.

respectively: $600.00 for room #1, $750.00 for room # 2, $900.00 for room # 3, and $1,000.00 for room #4; and $2,960.00 for the bottom (the entire) unit, which his sister resides in. At the time of the filing, the Debtor's mother was living with his sister and contributing $1,000 per month but the Debtor's mother recently passed away post-petition. The Debtor is also self-employed as a Realtor and makes $6,750.00 per month (on average). Note: With regard to rooms # 1 and # 2, the units are protected by SF County's Rent Control program and can only be increased if the rooms are vacated.

## III. RELIEF REQUESTED

By this Application, the Debtor respectfully request entry of an order, pursuant to Sections 327(a), 328, and 329 of the Bankruptcy Code, Rules 2014 and 2016 authorizing them to employ and retain the Firm, as of the Petition date (December 4, 2018), in connection with the administration of this Chapter 11 case. Pursuant to Section 327(a) a trustee or Debtor-in-possession is authorized, with court approval, to engage the services of professionals to represent or assist the trustee in carrying out the trustee's duties under Title 11. To be so employed by the trustee or Debtor in possession, the professional must not hold or represent an interest adverse to the estate and be a disinterested person. The instant Application complies with all of the Rules as discussed in detail below.

## IV. BASIS FOR RELIEF REQUESTED

**Scope of Employment and Qualifications.**

As stated above, the Debtor seeks to employ the Firm as general bankruptcy counsel effective as of the filing date of December 4, 2018. The Debtor respectfully represents:

The Debtor is the Debtor-in-Possession herein.

On or about November 20, 2018, the Debtor retained the Firm to handle its general bankruptcy matters.

4

Debtor, as Debtor-in-possession, wishes to employ the Firm as general bankruptcy counsel.  The attorneys in the Firm who will be handling the case are:  Arasto Farsad, Nancy Weng, and Maihuong "Mia" Ta.

Arasto Farsad, Nancy Weng, and Maihuong "Mia" Tai are all attorneys duly admitted to practice in this Court, and will all be assisting the Debtor-in-Possession with this Chapter 11 Bankruptcy as members of the Farsad Law Office, Professional Corporation.  Note: There will be no double (or triple) billing even if all three attorneys work simultaneously on the case.

The Debtor has selected the Firm because the Debtor believes the Firm is qualified to represent him in the Chapter 11 case.  Nancy Weng, an attorney in the firm, has handled individual Chapter 11 cases in the past and confirmed cases, including, but not limited to, the following respective cases:

1. 17-50994 (In Re Divyogi and Bina Patel)

2. 16-30514 (In Re Linna Zhao)

3. 14-54654 (In Re Thao Phuong Thi Tran)

4. 14-40482 (In Re Markus Lorenz Mueller Dombois)

5. 12-33415 (In Re Jenny Yin Ying Gin)

6. 11-57931 (In Re Jian Chang)

7. 11-55761 (In Re Job Lopez Cruz and Julia Cruz)

8. 10-34630 (In Re Ivan Cheung)

Arasto Farsad, the lead member of the firm, has been a practicing bankruptcy attorney in the Northern, Eastern, Central and Southern Districts of California since 2010, and has successfully overseen hundreds of Chapter 7 and Chapter 13 cases. Mr. Farsad has also been employed in a Chapter 11 (currently active) in the Eastern District of California, identified as case number 17-28002, In Re Erlinda Mendoza Gil. Furthermore, Mr. Farsad has litigated (as the

lead attorney) roughly a hundred unlimited jurisdiction civil cases in both State and Federal courts.

Maihuong Ta has been practicing bankruptcy law for approximately one year but was a paralegal at Law Offices of Drew Henwood prior to law school and assisting with scores of Chapter 7's, 13's and 11's.

Mr. Farsad, Ms. Weng and Maihuong Tai currently contend that the instant case is neither so complex nor daunting that they would not be able to competently and diligently represent the Debtor. Debtor believes that the Firm possesses the requisite skill, experience, and integrity to competently represent Debtor. The Firm's services are necessary to enable the Debtor to faithfully continue to execute his duties as Debtor –in-possession until the case is converted, dismissed, a Chapter 11 trustee appointed, or a plan confirmed.

**Legal Services to Be Provided**

The professional services that the Firm are to provide include:

    a. advising the Debtor with respect to the powers and duties as Debtor-in - possession in the continued operation of the business and management of the Debtor's property;

    b. taking necessary action to avoid any liens against Debtor's property, if needed;

    c. assisting, advising and representing Debtor in their consultations with creditors regarding the administration of this case, including the creditors holding liens on the property;

    d. advising and taking any action to stay foreclosure proceedings against any of Debtor's property, specifically the property;

    e. preparing on behalf of the applicant as Debtor-in-possession necessary applications, answers, orders, reports and other legal papers

    f. preparing on behalf of the applicants as Debtor-in-possession a disclosure statement, a plan of reorganization, and representing Debtor at any hearing to approve the disclosure statement and to confirm the plan of reorganization;

g. assisting, advising and representing Debtor in any manner relevant to a review of any contractual obligations, and asset collection and dispositions;

h. preparing documents relating to the disposition of assets;

i. advising Debtor on finance and finance-related matters and transactions and matters relating to the sale of Debtor's assets;

j. assisting, advising and representing Debtor in any issues associated with the acts, conduct, assets, liabilities and financial condition of Debtor, and any other matters relevant to this case or to the formulation of plan(s) of reorganization;

k. assisting, advising and representing Debtor in the negotiation, formulation, preparation and submission of any plan(s) or reorganization and disclosure statement(s);

l. assist, advise and assisting, advising and representing such other necessary advice and services as Debtor may require in connection with this case, including advising and assisting Debtor with respect to resolving disputes with any creditor that may arise.

m. preparing status conference statements, and appearing at all court hearings as necessary, including status conference hearings before the court.

It is necessary for Applicant as Debtor-in-possession to employ an attorney for such professional services because the Applicant is not sufficiently familiar with the rights and duties of Debtor-in-possession as to be able to continue to plan and conduct proceedings without the aid of counsel.

### The Firm's Compensation and Pre-Petition Engagement Letter

Section 328(a) authorizes, with court approval, a trustee or Debtor-in-possession to engage the professional on reasonable terms and conditions, including a retainer, hourly fee, fixed or percentage fee, or contingent fee basis. Notwithstanding such approved terms and conditions, the court may allow compensation different from that under the agreement after the conclusion of the representation, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of fixing of such terms and conditions.

7

Case: 18-31311    Doc# 20    Filed: 12/30/18    Entered: 12/30/18 11:10:18    Page 7 of 14

The Firm commenced prepetition services to the Debtor for the Chapter 11 on or about November 20, 2018.  **The Firm's Engagement Letter is attached hereto as Exhibit A.**

In connection therewith, the Debtor provided the Firm with the filing fee of $1717.00 only. There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with these cases, except insofar as such compensation may be shared among the members and associates of the Firm.

The Debtor understands that the Firm will make periodic applications for interim compensation so that fees paid will be subject to approval of this Court in accordance with 11 U.S.C. §§ 326-331 (as applicable); bankruptcy Rules 2016(a), 2002(a), (c), and (k); Local Rule 9014-1(b)(1); and the Northern District's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees. The Firm may seek interim compensation during the case as permitted by Bankruptcy Code section 331.

The attorneys at the firm shall be billed at the following rates:

Arasto Farsad  $300.00 per hour;
Nancy Weng $300.00 per hour;
Maihuong ("Mia") Ta $225.00 per hour; and
Paralegals at a rate of $100.00 per hour. Attorney's fees will be billed in minimum increments of one-tenth (1/10) of an hour, even though the actual time may be less.

The firm believes that the attorney billing rates are ordinary and reasonable rates for attorneys with likewise experience in the area. The Debtor has also agreed that the Firm will be reimbursed for its reasonable out of pocket expenses incurred in connection with its employment according to the following schedule (some categories may not apply if there are no adversary proceedings):

| Description: | Amount |
| --- | --- |
| Automobile travel: | waived |
| Internal copying/printing: | .10 per page |
| Computerized research: | Actual cost |
| Court reporters fee: | Actual cost |
| Outside copying: | Actual cost |
| Overnight delivery: | Actual cost |
| Parking: | Actual cost |
| Postage: | Actual cost |
| Process service: | Actual cost |

| | |
|---|---|
| U.C.C. searches: | Actual cost |
| Witness fees: | Actual cost |
| PACER: | Actual cost |

**Disinterestedness**

Pursuant to § 327(a) a trustee or Debtor-in-possession is authorized, with court approval, to engage the services of professionals to represent or assist the trustee in carrying out the trustee's duties under Title 11.

To be so employed by the trustee or Debtor in possession, the professional must not hold or represent an interest adverse to the estate and be a disinterested person. Pursuant to Fed. R. Bankr. P. 2014(a), after disclosure of any actual connections, the application shall be accompanied by the following statement: "Except as set forth above, I have no connection with the Debtor, creditors, or any party-in- interest, their respective attorneys, accountants, or the U.S. Trustee, or any employee of the U.S. Trustee." (Please see the concurrently filed Declaration of Counsel with regard to the necessary statement per 2014(a).)

Based upon the Declaration of Counsel(s) filed concurrently herewith, the Firm, or any member or employee thereof, does not have:

1. Any connection with the Debtor, creditors, any other party in interest, or their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee, or any insider of the Debtor;

2. Employ any person who is related to a judge of this court or the United States Trustee for Region 17;

3. A relationship or status as a creditor, equity security holder, or an insider of the Debtor as defined in the Bankruptcy Code. Nor is the Firm a partner, officer or employee of the Debtor; and

4. Any interest materially adverse to the interests of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

Accordingly, the Firm and all of its members / employees are disinterested persons as that term is defined and used in the Bankruptcy Code.

WHEREFORE, THE DEBTOR PRAYS AS FOLLOWS:

1. That the Court enter an order granting the relief sought by the Debtor in this application;

2. That the Court approve the employment of Farsad Law Office, P.C. (Arasto Farsad, Nancy Weng, and Maihuong Ta) as bankruptcy counsel for the Debtor-in-possession pursuant to 11 U.S.C. § 327(a) to provide the services described herein and with compensation to be paid in accordance with 11 U.S.C.§§ 330(a) and 331 as an expense of administration pursuant to 11 U.S.C. §§ 507(b) and 503(b), or otherwise allowed under the Bankruptcy Code, in such amounts and at such times as the Court may hereafter determine and allow; and

3. That the Court grant the Debtor and Debtor-in-possession such other and further relief as may be proper and just under the circumstances.

Respectfully submitted,

Executed this 28th day of December, 2018, at San Jose, California.

By: /s/ ___ Masazumi Inoue
Masazumi Inoue
Debtor / Debtor-in-possession herein

10

# EXHIBIT A

# FARSAD LAW OFFICE, P.C.

Arasto Farsad (CA SBN 273118)
Nancy Weng (CA SBN 251215)
Maihuong "Mia" Tai (CA SBN 305740)
2905 Stender Way, Suite 76
Santa Clara, CA 95054
Telephone: (408) 641-9966 Facsimile: (408) 866-7334
Email: FarsadLaw1@gmail.com

November 20, 2018

Mr. Masazumi Inoue
3 Plaza View Lane #221
San Mateo, CA 94404

## LETTER OF ENGAGEMENT

Farsad Law Office, P.C. ("the Firm") is pleased to have the opportunity to provide legal services to you as your attorney in a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Northern District of California. This letter will serve to record the Firm's agreement of the terms and conditions of our representation. The services the Firm is offering to you do not extend beyond the matters described in this letter. When work on those matters has ended, the Firm's engagement with you has concluded.

1. You have requested that the Firm represent you in a prospective Chapter 11 case. This representation includes all matters that arise within the case, but does not include any appeals, unless the Firm enters into a separate agreement for such purpose

2. The Firm's fees for services provided as described above will be at the following rates:

Arasto Farsad, Managing Partner: $300.00 per hour;
Nancy Weng, Associate: $300.00 per hour;
Maihuong ("Mia") Ta, Junior Associate: $225.00 per hour; and
Paralegals at a rate of $100.00 per hour.

Attorney's fees will be billed in minimum increments of one-tenth (1/10) of an hour, even though the actual time may be less. **There will be no double (or triple) billing even if all three attorneys work simultaneously on the case.**

3. The Firm may incur various costs and expenses while performing legal services. You agree to pay for these items in addition to the Firm's fees for legal services. The costs and expenses may include, but will not necessarily be limited to, filing fees fixed by law or assessed by courts or other agencies; court reporter fees; photocopying and other reproduction services; travel and similar items.

4. From time to time, the Firm may make periodic applications to the Court for interim compensation the reflect fees, costs and/or expenses. The Firm will inform you of these applications. You will not be liable for these applications until they are approved by the bankruptcy court.

5. The Firm's files for work prepared pursuant to this agreement are your property and they are confidential. The Firm will release our files for work performed pursuant to this agreement to you or to anyone else you designate upon your written request delivered to the Firm. However, you agree that the Firm may, in our sole discretion, copy all or any portion of the file and charge the copying costs to you, and that the Firm may have a reasonable period of time before releasing the documents to you or anyone else you designate in order to copy all or any portion of the files you have directed the Firm to surrender. You also agree that, after the passage of two years without the Firm having performed any work for you pursuant to this engagement for services, the Firm may destroy your files unless you provide the Firm with written instruction to forward the files to you or to another person you designate.

6. The Firm has received a retainer of **$0.00** from you. The Firm acknowledges receipt of $1717.00 from you as the court filing fee for the Chapter 11. You understand that the Firm's agreement is based strictly upon hourly rates. You understand that any opinions the Firm provides to you from time to time about what the services we are providing may cost are simply estimates and do not constitute an amendment of this agreement or a limitation on the amount of the Firm's legal fees.

7. You may discharge the Firm as your attorney at any time. The Firm may not withdraw as your attorney, except upon approval of the bankruptcy court. Some of the reasons that may cause the Firm to request to withdraw include but are not limited to the following: your breach of this agreement; your failure to pay allowed fees and expenses; your refusal to cooperate with the Firm; your refusal to follow the Firm's advice on a material matter; the development of irreconcilable disagreement between you and the Firm as to the conduct of the engagement; or any other fact or circumstance that would render the Firm's continuing representation contrary to your interests, or to law, or to the rules of professional conduct. If you discharge the Firm, or if the Firm withdraws, you agree to secure other counsel of your own selection to represent you and to cooperate fully in substituting such new counsel as your attorney of record.

8. You acknowledge that the amount of legal fees and costs which may be incurred on your behalf pursuant to this agreement is not capable of precise prediction; and you acknowledge that Firm has made no guarantees or promises and that you have set no limits with regard to the cost of services the Firm provide you.

9. Any dispute relating to this engagement and the payment of fees and expenses shall be resolved in the United States Bankruptcy Court for the Northern District of California. The party prevailing in an action regarding a dispute as to your failure to pay fees for professional services and/or expenses shall be entitled to recover from the other party the prevailing party's actual attorneys' fees and costs incurred, including expert witness fees, witness fees, and associated expenses, whether or not the action proceeds to judgment. For the purposes of enforcing this agreement, and as otherwise required by law, you agree that this agreement may be disclosed to a court or arbitrator.

10. This agreement is made under and shall be construed in accordance with the substantive laws of the State of California.

11. The Firm maintains professional liability insurance which would cover the services the Firm will be providing to you under the terms of this agreement.

12. This agreement will take effect when you sign this agreement and return it to the Firm; but its effect will be retroactive to the date the Firm first performed services on your behalf. You agree that your performance under this agreement and your payment of the fees and costs required hereunder shall be in San Francisco, California.

13. This agreement constitutes a single, integrated written contract expressing the entire agreement between us. There is no other agreement, written or oral, express or implied, between the parties with respect to the subject matter of this agreement. This agreement may be modified only in a writing signed by all the parties. This agreement shall be construed by giving effect to the plain meaning of its terms.

If these terms are acceptable to you, please sign in the space provided below and return one signed copy of this agreement to the Firm, together with any retainer required by this agreement and retain a copy for your files.

Sincerely

_____
Arasto Farsad, Managing Partner
Farsad Law Office, P.C.

## ACCEPTANCE

I have read and understand the foregoing terms and agree to them as of the date that the Firm first provided services to me pursuant to this agreement.

Dated: November 20, 2018